UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAZARO AVALO,

    Petitioner,

vs.                                Case No. 8:03-cv-2468-T-17MAP

JAMES V. CROSBY, JR.,

    Respondent.

_____

**ORDER**

    This cause is before the Court on Petitioner Lazaro Avalo's 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner challenges his conviction and sentence entered by the Circuit Court for the Twelfth Judicial Circuit, Sarasota County, Florida.

BACKGROUND

    On February 3, 1999, Avalo was charged with conspiracy to traffic in cocaine between 400 grams and 150 kilograms; trafficking in cocaine between 400 grams and 150 kilograms; and possession of cocaine, a third degree felony, in case no. 99-986CF. Represented by court-appointed counsel, Avalo proceeded to jury trial held January 24, 2001, before the Honorable Nancy K. Donnellan, state circuit court judge, and was found

guilty as charged.

Avalo was adjudicated guilty in accordance with the verdicts and sentenced to 15 years incarceration on the conspiracy and trafficking counts along with five-year mandatory prison terms. He was sentenced to five years prison for possession of cocaine. All sentences ran concurrently.[1]

Avalo appealed, arguing that the state trial court erred in denying his motion for judgment of acquittal on the conspiracy count. On May 3, 2002, the state district court of appeal per curiam affirmed the judgment and conviction in case no. 2DO1-840. Avalo v. State, 819 So. 2d 760 (Fla. 2d DCA 2002) [table]. No rehearing was sought. The mandate issued June 4, 2002.

Avalo filed a pro se motion for post-conviction relief dated December 5, 2002, under Florida Rule of Criminal Procedure 3.850. Avalo's Rule 3.850 motion raised two proposed instances of ineffective assistance of his trial counsel. In ground one, Avalo alleged his counsel, during his closing arguments, conceded Avalo's guilt without his consent. In ground two, Avalo faulted his counsel for not arguing that his convictions for trafficking and cocaine possession violated double jeopardy on the theory they were based on the same amount of cocaine.

On December 16, 2002, the Honorable Robert Bennett, Jr., state circuit court judge, summarily denied ground two. Finding that Avalo's convictions for trafficking and possession convictions were based on separate amounts of cocaine, the post-conviction

---

[1] Subsequent to the state's filing a motion to correct sentencing error, Avalo was resentenced to mandatory terms of 15 years incarceration.

court concluded there was no double jeopardy violation. The state was directed to respond to ground one. Following the state's response to ground one, the Honorable Harry Rapkin, state circuit court judge, summarily denied Avalo's Rule 3.850 motion. In denying ground one, the post-conviction court found counsel's remarks in the rebuttal argument could be interpreted as concession to lesser included offenses for which no presumption of prejudice would apply. Further, Avalo admitted on the stand he knew his codefendant was going to Sarasota to purchase cocaine; he also admitted to sampling the cocaine as well as having cocaine in his possession. In view of the overwhelming evidence against Avalo, the post-conviction court concluded there was no reasonable probability of a different outcome.

Avalo appealed the denial of relief. On September 10, 2003, the state district court of appeal per curiam affirmed in case no. 2D03-1570. Rehearing was denied October 22, 2003, and the mandate issued November 13, 2003. Avalo then timely filed the present federal petition for writ of habeas corpus raising two grounds of ineffective assistance of counsel.

## STANDARD OF REVIEW

Because Avalo filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002). The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see, Bell

v. Cone, 2005 WL 123827 (U.S. Jan. 24, 2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]). AEDPA is relevant to a review of this Petition.

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 123 S.Ct. 1848, 1852-53 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003); Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001). "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Lockyer v. Andrade, 538 U.S.63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. Mitchell v. Esparza, 124 S.Ct. 7, 10 (2003); Clark v. Crosby, 335 F.3d at 1308-10; Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the

Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Mitchell v. Esparza, 124 S.Ct. at 10 (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). See also Price v. Vincent, 123 S.Ct. at 1853; Lockyer v. Andrade, 538 U.S. at 75-77. A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell v. Esparza, 124 S.Ct. at 10; Parker v. Secy of Dept. of Corrections, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply. Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000). The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. at 75-77; Williams, 529 U.S. at 409-10; Penry v. Johnson, 532 U.S. at 791-792; Woodford v. Visciotti 537 U.S. 19, 25 (2002); Mitchell v. Esparza, 124 S.Ct. at 11-12; Price v. Vincent, 123 S.Ct. at 1853.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. See Holland v. Jackson, 124 S.Ct. 2736, 2737-2738 (2004) (citing Yarborough v. Gentry, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of

5

the record before the court"); cf. Bell v. Cone, 535 U.S. at 697, n. 4 (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91. The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal court (subject to the very narrow exceptions set out in § 2254(e)(2)). Williams v. Taylor, 529 U.S. at 433-34.

## No Presumption that State Court Ignored Its Procedural Rules

This Court cannot presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief, which is essentially a summary dismissal. Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. See Coleman, 501 U.S. 722, 735-36 (1991); Kight v. Singletary, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); Tower v. Phillips, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

Generally, claims alleging a violation of state law are not subject to review in federal habeas proceedings. Pulley v. Harris, 465 U.S. 37, 41 (1984); McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir.1992). To the extent that a federal question is raised in the

6

federal habeas petition, the federal question was not exhausted in state court if the issue were raised only as a state law claim in state court. Anderson v. Harless, 459 U.S. 4, 6-8 (1982).

Finally, in the event constitutional error is found in a habeas proceeding, the relevant harmless error standard is set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993). The test is "less onerous" then the harmless error standard enunciated in Chapman v. California, 386 U.S. 18 (1967). "The test is whether the error had substantial and injurious effect or influence in determining the jury's verdict. Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, 507 U.S. at 637. Although no constitutional error has occurred in Avalos' case, any possible error would clearly be harmless beyond any reasonable doubt based on the facts and the record herein.

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Avalo's petition must be denied.

### Ground One

Avalo contends his trial counsel, during counsel's rebuttal closing argument, conceded Avalo's guilt without Avalo's consent, and that by doing so, denied Avalo effective assistance of counsel.

To show a violation of the Sixth Amendment right to counsel, Avalo must satisfy the two-pronged inquiry of Strickland v. Washington, 466 U.S. 558, 687 (1984); Bell v. Cone, 535 U.S. 685, 695-696 (2002) (courts should apply Strickland to claims that counsel failed

to satisfy constitutional requirements at specific points). First, the petitioner must demonstrate that the attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The Court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." Id. at 466 689. Further, "[t]he reasonableness of counsel's actions maybe determined or substantially influenced by the defendant's own statements or actions." Id. at 691.

Second, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The prejudice component of the Strickland, test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." Williams v. Taylor, 529 U.S. 362, 393 n.17 (2000)(citations and internal quotation marks omitted). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. Strickland, 466 U.S. at 695-96. Petitioners must "affirmatively prove prejudice." Id. at 693. They cannot satisfy the second prong of Strickland with mere speculation and conjecture, Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1992), and conclusory allegations are insufficient to obtain habeas relief. Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).

Avalo's claim that counsel conceded his guilt without his consent can be disposed of under the deficiency prong of Strickland. Avalo's Rule 3.850 motion characterized as a concession of guilt of the charged crimes his counsel's remark, "Mr. Avalo is not so foolish

as to be here and think that you are going to return a not guilty." (T 163)[2]. He also pointed to counsel's later remark," "[n]o one's asking that he not be held responsible for his actions." (T 165) However, based on the state record, it is objectively reasonable to determine counsel did not concede his guilt of the possession count without his knowledge where Avalo admitted buying the cocaine he possessed in his shoe during his own testimony. (T 142) Further, it is objectively reasonable to conclude that counsel's arguments, in context and entirety, did not amount to a concession of Avalo's guilt of the other counts.

At trial, the state adduced evidence showing that Avalo and his codefendant Rene Garcia drove from Miami to Sarasota and purchased from an undercover officer over 1000 grams of cocaine. (T 32) During the transaction, which was videotaped by police, Avalo reached opened the bag containing the cocaine and tasted and smelled the cocaine. (T 34, 40, 69-77)

After the purchase, Avalo was arrested and a small amount of cocaine was found in his sock. (T 43) In a statement to Corporal Martinez, Avalo admitted he drove Garcia to Sarasota to buy 2 kilos of cocaine for $30,000 and they were going to bring the cocaine to Orlando. For his participation, Avalo admitted he was to be paid between $1000 and $1500.( T 108)

To counter the state's case against him, Avalo chose to defend on grounds that Avalo took no part in the negotiations (T 22), and was not a trafficker or conspirator. (T147,149) Instead, Avalo's actions were those of an individual addicted to cocaine. (T 149)

---

[2]Respondent filed the trial transcript as Exhibit 9 (See also exhibit 12 in which he filed a duplicate copy). Citations to the transcript are indicated by the page number found at the upper right hand corner of the transcript).

Avalo admitted on the stand certain facts not necessarily inconsistent, from a defense perspective, with his claim he was only an addict, such as his using cocaine since 1988 ( T 136); knowing the codefendant had $30,000 to buy two kilos of cocaine(T 136); his touching and sampling the cocaine( T 137); and his agreeing to drive the codefendant to Sarasota to buy the cocaine. (T 140) Avalo also acknowledged the cocaine in his shoe belonged to him and was purchased by himself. (T 142)

However, Avalo also denied certain facts which, from a state perspective, would serve to show he actively conspired to traffic in and did traffic in the drug amounts charged. To illustrate, Avalo denied knowledge of the amount of cocaine in the hotel room. (T 137) In an obvious endeavor to make the denial of knowledge of the substance plausible for the jury, Avalo explained he did not identify the substance because he had cocaine in his own system at the time.(T 138)

During Avalo's counsel's rebuttal closing argument counsel did not deny any and all culpability of Avalo. Given the video evidence, as well as Avalo's own damaging admissions to police, such a tact would assuredly been assailed by Avalo collaterally as an untenable defense.

Instead, counsel urged the jury that Avalo was not guilty of trafficking or conspiring in the drug amounts alleged. (T 147) In so doing, counsel minimized Avalo's capacity mentally and financially to plan and negotiate as charged. From the evidence, counsel drew the conclusion Avalo was not aware of the drug amounts and in support, cited the undercover detective's testimony that Avalo did not discuss negotiations. (T 148) Counsel urged that Avalo had insufficient time to realize whether the drug was actually cocaine before sudden police entry. (T 148-149)

Then, counsel promoted Avalo's past to portray Avalo as only an addict, and not a trafficker or conspirator. (T 149) Counsel used the jury instructions to point out that the jury had options; and counsel urged the jury not to be harsh.(T 149-150)

In order to make the invitation for a lesser verdict more palatable, at least one reasonably competent attorney such as Avalo's counsel could candidly tell the jury,"Avalo is not so foolish as to be here and think that you are going to return a not guilty." (T 163) Faced with a video recording of Avalo's actions, one such competent attorney could recognize, as did counsel for Avalo, that it was clear Avalo was involved in the activity that took place. (T 163) However, counsel went on to remind the jury that the state carried the burden on each and every count, and if the state did not, the jury was entitled to consider lesser included offenses. Id.

It can also be seen from the present record counsel sought to minimize Avalo' s presence near the cocaine in the hotel room where the transaction underlying the trafficking and conspiracy counts occurred. During his closing argument, counsel pointed to the jury instructions to remind the jury close proximity alone does not suffice to establish possession. (T 164) Counsel then made the jury aware of the degree of dominion and control the individual is allowed to exercise over the item must also be considered. (T 164)

In addition, counsel squarely addressed the state's position that his client's acts of sampling the cocaine evinced his participation. Counsel countered that Avalo did not give any "thumbs up or down" to signal whether or not the drug was or was not good quality. (T 164-165) Nor was there evidence, counsel maintained, that Avalo participated in underlying agreements with the co defendant and informant. Counsel also argued that the evidence did not show Avalo knew the weights involved, and in support pointed out not all the

11

cocaine was shown Avalo in the motel room. (T 165)

Then, counsel again reminded the jury that the instructions would give them options before stating," [n]o one's asking that he not be held responsible for his actions." Counsel immediately followed with an invitation to consider all the options legally available be considered. Finally, counsel asked the jury "not to exercise the harshest judgment." (T 166)

The post-conviction court found counsel's remarks in the rebuttal argument could be interpreted as a concession to lesser included offenses. Therefore, no presumption of prejudice would apply. The factual determinations made in reaching this legal conclusion are presumed correct, and Avalo does not overcome such presumption. 28 U.S.C. § 2254 (e)(1).

An evidentiary hearing was not required to delve into counsel's discussions with Avalo because it is objectively reasonable to find from the present record that his counsel did not concede his guilt of the crimes charged. The record also bears out that counsel pointed to lesser offenses as a legitimate trial strategy in view of overwhelming evidence of Avalo's active participation in the crimes. Moreover, an ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Grayson v. Thompson, 257 F.3d 1194,1218 (11th Cir. 2001). The presumption--that counsel's conduct falls within the wide range of reasonable professional assistance and he made all significant decisions in the exercise of reasonable professional judgment, Strickland, 466 U.S. at 689-690 -- means that the record is incomplete or unclear about counsel's actions, and it will be presumed counsel did what he should have done and he exercised reasonable professional judgment. Grayson at1218(quoting Williams v. Head, 185 F.3d 1223,1228 (11thCir.1999); accord, Chandler v. United States ,218 F.3d 1305,

1314 n.15 (11th Cir. 2000) (en banc).

Furthermore, the relevant question is not whether counsel's choices were strategic, but whether they were reasonable. Putman v. Head, 268 F.3d 1223, 1244 (11th Cir. 2001)(citing Roe v. Flores-Ortega, 528 U.S. 470, 481 (2000)). Avalo's Rule 3.850 allegations did not overcome the strong presumption that counsel's tactics in seeking a verdict on a lesser offense fell within the wide range of professional competence. The test is not what the best lawyers would have done or what most good lawyers would have done, but only whether some reasonable attorney could have acted in the circumstances as this attorney did. White v. Singletary, 972 F.2d 1218,1220 (11thCir.1992). In Avalo's case, it can be objectively concluded at least one reasonably competent attorney could have sought a verdict on a lesser offense on his behalf. Accordingly, it was objectively reasonable to deny his claim under the performance prong.

Ground one can also be disposed of on the prejudice prong. Strickland teaches that the court need not address the deficiency component of the ineffective assistance claim, because failure to satisfy the prejudice component is dispositive. 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.")Where there is no prejudice, no relief is due. Lockhart v. Fretwell, 506 U.S. 264 (1993).

The Supreme Court in Bell v. Cone, supra, was asked to declare counsel's performance in a penalty phase of a first degree murder trial a per se violation of the defendant's right to counsel where counsel had failed to offer mitigating evidence and had waived closing argument. The Court refused to do so, making clear that the

principles set forth in Strickland must guide a court's analysis of ineffectiveness even where a penalty phase presentation appears woefully inadequate. The Court reiterated that prejudice may be presumed only in three narrowly circumscribed situations. First, a trial is presumptively unfair if the accused is completely denied the presence of counsel at a critical stage of the proceedings. Second, such a presumption is warranted if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing. Third, prejudice may be presumed in the presence of circumstances under which a competent lawyer would likely not be able to render effective assistance.

It can be seen from the trial record in Avalo's case that this is not a case in which counsel "entirely" failed to subject the prosecution's case to meaningful adversarial testing. To the contrary, his "trial strategist" acted as counsel within the meaning of the Sixth Amendment.

The state adduced overwhelming evidence that established Avalo's guilt of each of the crimes for which he was found guilty. Based on the state record, it is objectively reasonable to conclude there was no reasonable probability that the jury would have rendered a different verdict had counsel not made the challenged remarks during his second closing argument. Accordingly, the state decision on his claim resulted in a reasonable application of the prejudice prong of Strickland and a reasonable determination of the facts in light of the evidence. Ground one does not warrant relief.

Ground Two

Avalo alleges his trial counsel rendered ineffective assistance by not promoting a challenge to his dual convictions for trafficking and possession on double jeopardy grounds.

In denying relief on his claim of omission, the post-conviction court found from the state record that the trafficking and possession counts were based on separate amounts of cocaine. Avalo does not overcome the presumption of correctness by his confusing and conclusory suggestion that the cocaine in his shoe was "subsumed" in the trafficking count. See 28 U.S.C. § 2254(e) (1).

Avalo's contrary state law arguments also do not present an independent basis for federal relief. The state's decision on Avalo's claim settles that Avalo's convictions did not run afoul of state substantive law precluding dual convictions based on the same quantity of cocaine. See Johnson v. State, 712 So.2d 380, 381 (Fla.1998). Where, as here, a state court's adjudication of a claim of ineffective assistance of counsel represents the resolution of an underlying state law issue, this Court owes a high degree of deference to that determination. See Alvord v. Wainwright, 725 F.2d 1282,1291(11thCir.1984),modified,731 F.2d 1486, cert. denied, 469 U.S. 956 (1984). The state courts are the final arbiters of state law regarding convictions for trafficking in and possession of cocaine. Federal courts cannot review issues based solely on state law. See Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir.1988); Carrizales v.Wainwright, 699 F.2d 1053, 1054-55 (11th Cir. 1983).

Avalo also fails to show that no reasonably competent attorney would have declined to promote the proposed argument. In Florida, the legislature has clearly expressed its intent to convict and sentence for each criminal offense committed in one criminal episode or transaction. §775.021(4), Florida Statutes(1998). At Avalo's trial, the state adduced evidence showing that in addition to the amounts which were the subject of the conspiracy and trafficking counts, Avalo had in his shoe a separate amount of cocaine. In view of the state court's determination that Avalo's convictions for trafficking and possession were based on separate amounts of cocaine, it is objectively reasonable to reject Avalo's claim under the deficiency prong of Strickland.

Furthermore, under a federal analysis, there was no meritorious jeopardy argument overlooked by counsel. Avalo's convictions satisfy the rule for determining whether offenses are "separate" for purposes of multiple punishments under the rule established in Blockburger v. United States, 284 U. S. 299 (1932), which was codified in §775.021(4). The test for compliance with the double jeopardy clause is "whether each provision requires proof of a fact which the other does not. Id. at 304. Avalo's trafficking and possession offenses required proof of different elements because separate amounts were involved, and under a Blockburger analysis, withstand a double jeopardy challenge.[3]

The claim also fails scrutiny under the prejudice prong. Avalo fails to show there was a reasonable probability of a different outcome at trial or sentencing had counsel promoted

---

[3] Avalo's version of the underlying facts was rejected by the post-conviction court based on the record. If and to the extent Avalo desires to present additional factual assertions not alleged in his rule 3.850 motion, he is barred by the two-year limitation of Rule 3.850 and the state's successive petition doctrine. If and to the extent Avalo seeks an evidentiary hearing to develop facts not included in the factual predicate for his Rule 3.850 claim, Avalo's failure to set forth in full the factual underpinnings for his claim arise from his own lack of diligence. He is now barred by 28 U.S.C. § 2254(e)(2) from seeking evidentiary development thereon.

the proposed argument. Accordingly, the state decision resulted in a reasonable application of Strickland under either prong and a reasonable determination of the facts in light of the evidence. Ground two does not warrant relief.

Accordingly, the Court orders:

That Avalo's petition is denied, with prejudice. The Clerk is directed to enter judgment against Avalo and to close this case.

ORDERED in Tampa, Florida, on November 2, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Lazaro Avalo